UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CONSUMER PRODUCT DISTRIBUTION, INC. d/b/a J. POLEP DISTRIBUTION SERVICES Plaintiff | : | |
| V. | : | C.A. 05-453 S |
| BARBATO & SONS CANDY CO. Defendant | : | |

**PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION, OR IN THE ALTERNATIVE FOR EXPEDITED HEARING ON MOTION FOR PREJUDGMENT ATTACHMENT**

Plaintiff, Consumer Product Distributors, Inc., d/b/a J. Polep Distribution Services, through counsel, moves pursuant to Fed. R. Civ. P. 65 for an Order temporarily enjoining Defendants, Barbato & Sons Candy Co. from alienating or further encumbering certain real and personal property pending a hearing on Plaintiff's motion for a prejudgment attachment. In support of its motion Plaintiff relies upon the accompanying memorandum of law.

Consumer Product Distribution, Inc.
d/b/a Polep Distribution Services
By its attorney

Christopher Lambert, #4396
Rodio & Ursillo, Ltd.
86 Weybosset Street
Providence RI 02903
(401) 331-6400 FAX: (401) 331-0436

DATED: December 20, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MOTION FOR PREJUDGMENT ATTACHMENT was served on Stephen C. Mackie, Esquire, Mackie & Reilly, 681 Smith Street, Providence RI 02908, on December 20, 2005.

Karen A. McNally

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
DEC 20 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

CONSUMER PRODUCT DISTRIBUTION, INC. d/b/a J. POLEP DISTRIBUTION SERVICES :
Plaintiff :

V. :

BARBATO & SONS CANDY CO. :
Defendant :

**MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY INJUNCTION, OR IN THE ALTERNATIVE FOR EXPEDITED HEARING ON MOTION FOR PREJUDGMENT ATTACHMENT**

Plaintiff, Consumer Product Distribution, Inc. d/b/a J. Polep Distribution Services (Polep) through counsel, moves pursuant to Fed. R. Civ. P. 65 for an order temporarily enjoining Defendant, Barbato & Sons Candy Co. from alienating or further encumbering certain real and personal property pending a hearing on Plaintiff's motion for a prejudgment attachment. In the alternative, Polep seeks an expedited hearing on its Motion for Prejudgment Attachment.

**FACTUAL BACKGROUND**

Polep is a Massachusetts corporation engaged in the business of wholesale distribution of general merchandise such as candy, coffee, cigarettes, and similar items. Barbato, a Rhode Island Corporation headquartered in Providence, Rhode Island, is a Polep customer and is likewise a wholesale distributor.

Barbato has been a Polep customer for several years and has recently started to fall in arrears in their payments to Polep. As of October 18, 2005, Barbato owes Polep

$596,306.73 for goods and sold and delivered to Barbato by Polep. Of this amount $572,685.00 was more than 100 days past due.

In a telephone conference in May of 2004, Robert Rivelli, President of Barbato indicated to Eleanor Lamore of Polep that once he paid off his other suppliers, Barbato would then start to pay off Polep. In another conversation with Gilbert Krajewski, also of Barbato, stated that they that could only pay $1,000.00 a week toward their $600,000.00 debt. In a final conversation, Mr. Rivelli stated to Eleanor Lamore of Polep that "I can only stay in business if I pay you $1,000.00 a week toward the debt because I have to pay other suppliers." (See Eleanor Lamore Declaration attached hereto) Polep has also learned that the principals of Barbato have started another wholesale distribution company operating from the same business address as Barbato.

Polep subsequently filed this action seeking to recover the money it is owed.

## LEGAL DISCUSSION

### 1. Polep Satisfies the Requirements for Temporary Injunctive Relief

The purpose of a temporary injunction is to maintain the status quo until the issues in a case can be adjudicated. A movant is entitled to either a temporary restraining order or a preliminary injunction where it demonstrates: (1) a likelihood of success on the merits, (2) irreparable injury if the relief is not granted, (3) the injury to the movant outweighs any harm that would be inflicted on the non-moving party by injunctive relief, and (4) the public interest will not be adversely affected. *Svenska Ortmedicinska Instituet v. Desoto*, 164 F. Supp. 2d 27, 31 (D. Maine 2001); *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 640 F. Supp. 1159, 1160 (D. Mass. 1986). Polep satisfies these tests for injunctive relief.

First, Polep has a probable if not certain likelihood of success on the merits. This is a straightforward book account action seeking payment for goods sold and delivered. Barbato has taken possession of Polep's goods, used them in its business and failed to pay for them.

Second, Polep will suffer irreparable injury if the relief requested is not granted. As set forth in the Declarations of Elaine Lamore. Barbato has indicated that it does not have the ability to repay Polep and must satisfy other suppliers first. The size of Barbato's debt to Polep however, suggests that Barbato will be unable to keep current on new obligations, much less pay off its old one. Absent the requested relief, Polep may be deprived of an adequate remedy at law.

Third, a balancing of hardships weighs in favor of Polep. Entry of an order temporarily prohibiting Defendant from alienating or further encumbering its real and personal property merely preserves the status quo. In contrast, the transfer or further encumbrance of Defendants' property without adequate provision for directing the proceeds to Polep would have negative consequences for Polep.

Fourth, Rhode Island has a strong interest in the protection of commercial creditors' rights. Entry of the requested order would help preserve that interest.

**II. In the Alternative, Expedited Consideration Of Polep's Motion For Prejudgment Attachment Should Be Granted.**

Polep alternatively requests that the Court expedite its consideration of Polep's motion for prejudgment attachment. The motion for prejudgment attachment, if granted, would provide similar protection against a transfer of assets that would deprive Polep of an adequate remedy at law.

## CONCLUSION

For all of the foregoing reasons, Polep requests entry of an order temporarily restraining Defendants from alienating or further encumbering any real and personal property of Barbato. In the alternative, Polep seeks expedited consideration of its motion for prejudgment attachment.

Consumer Product Distribution, Inc.
d/b/a Polep Distribution Services
By its attorney

Christopher Lambert, #4396
Rodio & Ursillo, Ltd.
86 Weybosset Street
Providence RI 02903
(401) 331-6400

DATED: December 20th, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MOTION FOR PREJUDGMENT ATTACHMENT was served on Stephen C. Mackie, Esquire, Mackie & Reilly, 681 Smith Street, Providence RI 02908, on December 20th, 2005.

Karen A. McNally